## Female Labor Law.

*Female Labor Law — Employment of women in printing establishments after 10 P. M.*

Under Section 4 of the Act of July 25, 1913, P. L. 1024, providing that no female shall be employed or permitted to work in any manufacturing establishment before the hour of 6 A. M. or after 10 P. M., with certain exceptions, women may not be employed to operate linotype machines in a printing establishment, as such establishment is a manufacturing establishment within the meaning of the act.

Attorney-General's Department. Opinion to Hon. Clifford B. Connelley, Commissioner of Labor and Industry.

COLLINS, Dep. Att'y-Gen., May 16, 1921.—This department is in receipt of your communication of the 28th ult., asking to be advised whether women may lawfully be employed to operate linotype machines in a printing establishment after 10 o'clock P. M.

Section 4 of the Act of July 25, 1913, P. L. 1024, provides as follows: "No female shall be employed or permitted to work in any *manufacturing establishment* before the hour of 6 o'clock in the morning or after the hour of 10 o'clock in the evening of any day: Provided, that this section shall not apply to managers, superintendents or persons doing clerical or stenographic work."

The answer to the question submitted by you consequently depends upon whether such an establishment as above mentioned is a manufacturing one or not. This matter has been ruled in this Commonwealth in connection with the laws relating to tax on the capital stock of corporations.

In the case of Com. v. J. B. Lippincott Co., 7 Dauphin Co. Reps. 193, it was decided that a corporation engaged in the printing and publishing of books and periodicals is a manufacturing one, and as such exempt from tax on its capital stock. The case of the Com. v. Canfield Co., 7 Dauphin Co. Reps. 195, is to the same effect. I understand that upon the principle laid down in the above cases a corporation publishing a newspaper is, for the purposes of taxation under the laws of this State, deemed a manufacturing corporation. It would seem, therefore, from the foregoing, that it is now settled in this Commonwealth that a printing establishment is a manufacturing one within the meaning of our tax laws.

If the Commonwealth treats printing establishments as manufacturing establishments for the purpose of taxation, it is obvious that we could not logically treat them otherwise in regard to the laws regulating labor. A concern could not, on the one hand, be allowed exemption from a certain tax on the ground that it is a manufacturing enterprise and, on the other hand, allowed exemption from some provision in other statutes on the ground that it does not possess that character. Of course, the above quoted provision of the Act of 1913 relates to all manufacturing establishments, not simply to those organized in corporate form, the prohibition therein contained applying equally to all.

The purpose in view in the above provision of the Female Labor Law strengthens the reasons for holding the establishments here under consideration to be manufacturing establishments within its spirit and intent, and it is a familiar rule that a statute is to be construed in the light and furtherance of its purpose. This present conclusion tends to secure a fuller measure of the safeguards which the law throws around the employment of women.

You are, therefore, advised that it is not lawful for women to operate linotype machines in printing establishments "before the hour of 6 o'clock in the morning or after the hour of 10 o'clock in the evening of any day."

From Guy H. Davies, Harrisburg, Pa.